IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DORIS WHEAT THORNTON, by and )
through her daughter and next of friend )
VERA THORNTON HAWTHORNE )
 )
    Plaintiff, )
 )
v. ) Case No.: 2:18-cv-1028-ECM
 ) [WO]
UNITED AMERICAN INSURANCE CO., )
 )
    Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Plaintiff's Motion to Remand. (Doc. 5.) For the reasons stated herein, this motion is due to be granted.

### I.    BACKGROUND

The Plaintiff asserts that Defendant United American Insurance Company ("United" or "Defendant") refused to pay invoices for November and December of 2016 under a long-term care policy, which resulted in an outstanding balance of $5,563.56 owed to the Plaintiff's long-term care facility. On or about January 11, 2018, the Plaintiff filed suit in Montgomery County Circuit Court alleging breach of contract, normal bad faith, and abnormal bad faith. (Doc. 1-1, at 3). The Plaintiff sought compensatory and punitive damages.

Discovery commenced in the state court action. The state court file ballooned to over 1,200 pages, and it appears that the Defendant produced over 1,500 documents in discovery. The depositions of six United employees were scheduled in Texas on December

11 and 12, 2018. Prior to the depositions, United made a settlement offer of $12,500. (*See* Doc. 6-3). In response to that offer, Plaintiff's counsel sent a one-page demand for $100,000 to settle the case. The Plaintiff characterized this demand as "non-negotiable" and specified that the offer would expire at noon the next day. The Defendant then removed the case to federal court based on diversity jurisdiction, claiming that this settlement demand letter established that the amount in controversy exceeded $75,000. (Doc. 1).

A review of the state court file reveals that the Plaintiff "claims damages for the benefits denied under the subject policy, plus interest and costs of litigation. In addition, mental anguish and punitive damages are claimed." (Doc. 1-5, at 178). In a motion to compel filed in state court, the Plaintiff asserts that she seeks "pattern and practice evidence" to demonstrate "motive, plan, scheme, design and intent" for the purpose of proving punitive damages. (Doc. 1-4, at 57). The Plaintiff further complains that she "has a good faith belief Defendant engaged in fraud…and further believes that Defendant engaged in substantially similar frauds in other states . . .." (Doc. 1-4, at 123).

The Defendant argues that the Plaintiff's "non-negotiable demand", made "by experienced counsel after the completion of substantial discovery" unambiguously establishes that at least $75,000 is in dispute. (Doc. 9, at 1; 5). The Plaintiff, however, characterizes her settlement demand as "puffing and posturing" that does not establish the requisite amount in controversy. (Doc. 6, at 3).

## II. LEGAL STANDARD

### A. Removal Generally

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, they only have the power to hear cases over which the Constitution or Congress has given them authority. *See Kokkonen*, 511 U.S. at 377. Congress has empowered the federal courts to hear cases removed by a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts may exercise diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

### B. Removal under 28 U.S.C. § 1446(b)(3)

The Defendant removed this action under the subsection of 28 U.S.C. § 1446 that establishes a thirty-day removal period after which the defendant receives a document "from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). The procedure for removal under § 1446(b)(3) is governed by *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), *overruled on other grounds by Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also Sallee v. Ford Motor Co.*, 2014 WL 1492874, at *4–5 (M.D. Ala. 2014) (relying on

*Lowery* to explain the procedure governing § 1446(b)(3) removals); *Erby v. Pilgrim's Pride*, 2016 WL 3548792, at *7 (N.D. Ala. 2016) (finding that *Lowery* remains "the binding framework for removing under § 1446(b)(3)"); *Simpson v. Primerica Life Ins. Co.*, 2017 WL 2857699, at *4 (M.D. Ala. 2017), report and recommendation adopted, 2017 WL 2838078 (M.D. Ala. 2017) (finding that because the case was removed for a second time, the defendants must unambiguously establish the amount in controversy).

Where the plaintiff timely challenges the propriety of removal under § 1446(b)(3), as Plaintiff has done here, a defendant must "unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1213; *see also Advantage Med. Elecs, LLC v. Mid-Continent Cas. Co.*, No. 14-0045, 2014 WL 1764483, at *5 (S.D. Ala. 2014) (The "*Lowery's* unambiguously establish burden replaces [the preponderance-of-the-evidence] burden when a plaintiff challenges the procedural propriety of a removal under [§ 1446(b)(3) ] by . . . timely moving to remand under § 1447(c)" (citation and internal quotation marks omitted)). To accomplish this in cases removed based on diversity jurisdiction, the "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." *Lowery*, 483 F.3d at 1211.[1]

---

[1] The parties agree that this case is governed by the unambiguously establish standard set forth in *Lowery*. However, "to say that *Lowery*'s 'unambiguously establish' standard governs in this case should not be taken to mean that this court understands the logic of this standard." *Allen v. Thomas*, No. 3:10-cv-742, 2011 WL 197964, at * 5 (M.D. Ala. Sept. 10, 2011).

4

## III. DISCUSSION

**A.     The Defendant fails to unambiguously establish federal jurisdiction.**

The parties agree that there is complete diversity between them—the Plaintiff is a resident of Alabama, and the Defendant is a resident of Nebraska and Texas for the purposes of diversity jurisdiction. (Doc. 1, at 4.) The parties further do not dispute that the settlement demand may qualify as an "other paper" within the meaning of § 1446(b)(3). *See also Lowery*, 483 F.3d at *1212 n.62 (listing settlement offer as an "other paper"). The only issue for the Court to resolve is whether Plaintiff's $100,000 demand unambiguously establishes that the amount in controversy exceeds $75,000, exclusive of costs and interests.

The Defendant provides the settlement demand letter and the underlying state court record to support its assertion that the amount-in-controversy exceeds $75,000. Often, where settlement offers provide little in the way of support or analysis, courts have afforded such settlement offers little weight—writing them off as "puffing and posturing." *Wood v. ADT LLC*, 2016 U.S. Dist. LEXIS 187063, at *14–15 (M.D. Ala. 2016) (stating that a settlement offer carries "little weight," however, when there is an "absence of specific information on the basis of the demand."); *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp. 2d 1279, 1281 (S.D. Ala. 2009) (A settlement offer has "little weight" in the amount-in-controversy calculus when it merely "reflect[s] puffing and posturing").

In contrast to the cases cited above, the Plaintiff's demand was not an invitation for a counter-offer but was expressly non-negotiable. This quickly expiring and non-negotiable demand sent the day before costly depositions suggests that the offer was not

necessarily an inflated opening settlement offer, but more of an accurate appraisal of the Plaintiff's valuation of the case. Moreover, in contrast to settlement offers made before discovery, Defendant had produced significant amounts of discovery—over 1,500 pages of documents, and the Plaintiff represented that such discovery was necessary for her to establish a pattern and practice of tortious behavior to support her punitive damages claim. This extensive discovery and the Plaintiff's persistent pursuit of pattern and practice evidence begins to move this settlement demand from the realm of puffing and posturing into a more concrete assessment of damages. Notably, nowhere in Plaintiff's Motion to Remand or supporting documents does she affirmatively represent to the Court that the amount in controversy does not exceed $75,000. Only after facing the possibility of having her case remain in federal court does the Plaintiff characterize her settlement demand as "puffing and posturing" and "not an honest assessment of damages." Although the Plaintiff asserts that her "written settlement demand [was] made in a factual vacuum", such assertion ignores the 1,200-page state court record, the 1,500 pages of documents produced in discovery, and the schedule of multiple costly depositions. Indeed, the Plaintiff very nearly took what is, at its core, a $5,563.56 contract dispute, and made a federal case out of it.

The foregoing notwithstanding, if this Court does not have subject matter jurisdiction, the case must be remanded. In *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001), the Eleventh Circuit warned that boilerplate allegations of "permanent physical and mental injuries," "substantial medical expenses," "lost wages," and "diminished earning capacity," accompanied by a demand for unspecified punitive damages, do not

6

demonstrate that the amount in controversy was facially apparent from the complaint. *Id.* at 1320; *see also Thompson v. Target Corp.*, 2018 WL 1750754, at *3 (M.D. Ala. 2018) ("In this Circuit, a complaint's reference to punitive damages does not automatically satisfy the jurisdictional amount in controversy requirement so as to trigger this court's jurisdiction.") Similarly, where, as here, a plaintiff makes unsupported allegations regarding her purported damages during discovery exchanges, those naked assertions are not given great weight in making a damages assessment.

Although settlement demands, particularly non-negotiable ones, may sufficiently establish the amount in controversy, conclusory allegations do not provide a meaningful way to measure the Plaintiff's unspecified request for damages. Moreover, the Defendant here must meet the heightened *Lowery* burden instead of a simple preponderance of the evidence burden. In this case, with out-of-pocket expenses totaling less than $6,000, the Plaintiff's largely unsupported demand letter coupled with the unsupported claims regarding punitive damages and mental anguish, the Court concludes that the Defendant has not **unambiguously** established that the amount in controversy exceeds $75,000. Accordingly, the Court is compelled to remand this case.

B.     **Plaintiff is not entitled to attorney's fees.**

The Plaintiff requests reimbursement of the costs and fees associated with her motion to remand. "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court clarified that "the standard for awarding fees [under 28 U.S.C. § 1447(c)] should turn on the reasonableness of the removal." *Martin v. Franklin*

*Capital Corp.,* 546 U.S. 132, 141 (2005). However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.*

As set forth herein, the Defendant had an objectively reasonable basis for removing this case. The Plaintiff, who is represented by able counsel, made a non-negotiable settlement demand well in excess of the jurisdictional amount. Viewed in the context of the extensive and on-going state court discovery and the claims asserted by the Plaintiff, the Defendant's reliance on the Plaintiff's representations in the settlement demand was sound. Words have meaning, and the Plaintiff's actions all but invited removal. Accordingly, the Plaintiff is not entitled to costs and fees.

### IV. CONCLUSION

For the reasons stated above, it is

ORDERED that Plaintiff's Motion to Remand is GRANTED.

This action is REMANDED to the Circuit Court of Montgomery County, Alabama. The Clerk of the Court is DIRECTED to take the appropriate steps to effectuate the remand.

DONE this 29th day of May, 2019.

                                                 /s/ Emily C. Marks
                                       EMILY C. MARKS
                                       CHIEF UNITED STATES DISTRICT JUDGE